# EXHIBIT 1

Law Office of Sonja Redmond
PO Box 3529.
Soldotna, Alaska 99669
907-262-7846
Fax 907-262-7872
sredmond@greatlandjustice.com

## IN THE DISTRICT COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT KENAI

Sheldon Harmon )
)
    Plaintiff )
)
v. )
) Case No. 3KN-21-00678 CI
Lincoln Financial Group )
    Defendant )
)

## COMPLAINT

COMES NOW the Plaintiff Sheldon Harmon, by and through Counsel, SONJA REDMOND, and files this Complaint against Lincoln Financial Group and his cause of action states the following:

1. Sheldon Harmon is and was at all times relevant a resident of the State of Alaska, Third Judicial District.
2. Lincoln Financial Group, on information and belief, was at all times relevant a Corporation registered in the State of Indiana.
3. Lincoln Financial Group sold a Worker's Compensation Policy to Sheldon Harmon's employer Peninsula Community Health Services of Alaska, which is located in the Third Judicial District, State of Alaska.
4. This court has subject matter jurisdiction over this action and jurisdiction over the parties name herein.

5. Venue is proper in the Third Judicial District because the policy in question was contracted in the Third Judicial District and the injury occurred in the Third Judicial District.

## STATEMENT OF FACTS

6. Plaintiff hereby realleges and incorporates by reference as though set forth fully herein, Paragraphs 1-5 above.

7. On or about October 17, 2018, Plaintiff, Sheldon Harmon, filed a claim for short term disability with Lincoln Financial Group under the Worker's compensation insurance policy of his employer Peninsula Community Health Service of Alaska, claim # 1170084600, followed by a claim for long term disability.

8. The short term disability was paid.

9. Long term disability was denied even though all his present physicians agree he is permanently and totally disabled.

10. There was originally an offer of settlement made, but it was declined by Mr. Harmon, who believed he was entitled to more compensation based on his pre-disability income.

11. Eventually, he gave in and agreed to accept the offer, under the assumption something was better than nothing and wanting to get on with his life.

12. Mr. Jeff Booth (agent/adjuster) who made the verbal offer, now denies he made any offer and alleges the time for appeal has passed.

13. Mr. Harmon did not appeal the amount offer, he simply tried to accept the offer previously made and which Mr. Booth did not put in writing, and now denies having made.

## PRAYER FOR RELIEF

PLAINTIFF, prays for the following relief:

1. Mr. Harmon has requested $1000 a month retroactive to the time his claim was denied.
2. That the court grant the Plaintiff reasonable attorney fees and costs.
3. That the court grant such other and appropriate relief as the court deems just and equitable.

DATED this 7rd day of September, 2021, at Soldotna, Alaska.

_____
Sonja Redmond ABA# 0605022
Attorney for the Plaintiff
Sheldon Harmon

CERTIFICATE OF SERVICE
The undersigned hereby certifies that
___7___ day of September 2021, the above
Notice of Appearance was served by Process Server to

Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

_____



Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

The Lincoln National Life
Insurance Company
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
Toll free Fax (877) 843-3950
www.Lincoln4benefits.com

October 21, 2020

LAW OFFICE OF SONYA REDMOND
ATTN SONJA REDMOND
PO BOX 3529
SOLDOTNA, AK 99669

Re: | Complaint against: | The Lincoln National Life Insurance Company
NAIC | 65676
Complainant: | Sonja Redmond for Sheldon Harmon
Policy Holder: | PENINSULA COMMUNITY HEALTH SERVICES OF A
Group Claim Number: | 1170084600
Complaint #/Your File #: | 20-134-81632-MB
Our Internal Complaint #: | 20-134-1632-MB-1

Dear Ms. Redmond:

Thank you for your inquiry, as referenced above.

Sheldon Harmon is covered under a fully insured group Long Term Disability policy issued in Alaska to Sheldon Harmon's employer PENINSULA COMMUNITY HEALTH SERVICES OF ALASKA.

Our review of the information for this complaint shows Mr. Harmon stopped working on 1/09/2017.

We received his paper work for a Short Term Disability claim on 01/31/2017. Short Term Disability benefits were approved to 04/19/2017 which is the Maximum Benefit Period per the policy.
Our records indicate we issued three checks for the benefit payments
1. check issued 3/29/2017 for the time period covering 1/18/2017 to 3/21/2017
2. check issued 7/18/2017 for the time period of 3/21/2017 to 4/6/2017
3. check issued 9/5/2017 for the time period of 4/6/2017 to 4/19/2017
We have included a print out of the payment information from our system.

A Long Term Disability claim was created and benefits were approved and paid to 07/25/2017 after a review of his claim by our clinical staff determined the medical records in his claim file did not support functional impairment beyond 7/25/17 due to mild dementia or jerking

©2020 Lincoln National Corporation www.lincoln4benefits.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.
Case 3:21-cv-00219-JMK   Document 1-1   Filed 10/04/21   Page 5 of 16

movements. At that time jerking movements had resolved and work up had been completed. We notified him on 12/12/2017 that benefits were approved from 04/11/2017 to 07/25/2017 but benefits beyond 07/25/2017 were denied. Our records indicate we issued a check on 12/12/2017 for the time period covering 4/11/2017 to 7/25/2017. We have included a print out of the payment information from our system.

Mr. Harmon filed his first level appeal on 04/23/2018 and provided additional medical records. The claim file was reviewed by a physician Board Certified in Neurology. The review dated 05/21/2018 noted there is no supported neurological diagnosis and therefore no restrictions or limitations are supported from 07/25/2017 forward. The claimant is able to perform his normal physical and functional capacities. The report commented on both his physical and mental health conditions. The report noted:
- all testing has been normal (MRI of the brain, CT of the brain and a spinal tap).
- The clinical physical and neurologic examinations are consistently documented as normal.
- The mental status examinations vary widely with normal examinations throughout. The report mentioned this was attributed to a voluntary and deliberate manipulation of the testing (malingering).

We notified Mr. Harmon on 6/11/2018 that we were upholding the denial of benefits beyond 07/25/2017.

Mr. Harmon filed his second and final administrative appeal on 07/05/2018 and provided additional medical records. As part of our review for the appeal, his file was reviewed by a member of our clinical staff for any restrictions and limitations due to any mental health condition and by a physician who is Board Certified in Internal Medicine for his physical conditions.

The review of records for his mental health condition noted no new medical documentation has been received to indicate the need for restrictions and limitations related to a mental health condition.

The review of records by the Internal Medicine physician noted from 07/25/2017 through 06/23/2018, there are no impairments supported. However, from 06/24/2018 forward he would be functionally limited due to degenerative arthritis in the right foot and bilateral knee osteoarthritis.

We notified Mr. Harmon on 11/13/2018 that we were upholding the denial of benefits beyond 07/25/2017. We advised him the medical records do not support restrictions and limitations between the dates of 07/25/2017 through 06/23/2018 that would preclude him from performing his own occupation because of a physical or behavioral health condition.

The policy issued to Mr. Harmon's employer states:

TOTAL DISABILITY or TOTALLY DISABLED will be defined as follows:
1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.

2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.

The loss of a professional license, an occupational license or certification, or a driver's license for any reason does not, by itself, constitute Total Disability

BENEFIT. The Company will pay a Total Disability Monthly Benefit to an Insured Employee, after the completion of the Elimination Period, if he or she:
1. is Totally Disabled;
2. becomes Disabled while insured for this benefit;
3. is under the Regular Care of a Physician; and
4. at his or her own expense, <u>submits proof of continued Total Disability</u> and Physician's care to the Company upon request.

The reviews of his medical records did not support continued Total Disability beyond 7/25/2017. Although the review by the physician Board Certified in Internal Medicine stated he would be functionally limited as of 6/24/2018 due to degenerative arthritis in the right foot and bilateral knee osteoarthritis, that is almost a year later. Because there is a gap of almost a year when our reviews did not support continued Total Disability as required by the policy, he does not qualify for additional disability benefits beyond 07/25/2017.

The complaint you filed makes several statements: I will respond to them individually.

1. Short Term Disability was paid and Long Term Disability was denied even though all of his present physicians assert he is permanently and totally disabled.

> Per the Long Term Disability policy issued to his employer, we will pay a disability benefit if a claimant submits proof of continued Total Disability. He does not satisfy that policy provision. Multiple reviews of his records determined he did have restrictions and limitations until 07/25/2017. Although the last review determined he would be functionally limited as of 6/24/2018, almost a year later, he was not continuously disabled from 7/25/2017 until 6/24/2018.
>
> Although it appears he was functionally limited as of 6/24/2018, we must abide by the provisions of the policy. Our reviews determined he was not functionally disabled from 07/25/2017 until 6/24/2018.

2. The original offer of settlement was declined by Mr. Harmon. He later agreed to accept what was offered. Mr. Booth denies he made any offer of settlement and alleges the time for appeal has passed.

> There is no record in the claim file that we offered a settlement to Mr. Harmon. Settlement offers are done by another department, are in writing and would be included in the claim file.
>
> We have included the telephone notes entered in the claim file during the time Jeff Booth handled Mr. Harmon's appeal. The notes show Mr. Harmon initiated conversations about settlement offers. On 9/19/2018 Mr. Harmon left a voice mail message and asked for $1,000 a month. Mr. Booth called on 9/19/2018 and left a voice mail that we would not accept his offer. On 10/2/2018 and 01/04/2019

Mr. Harmon left voice mails again about a settlement offer. On 01/04/2019 Mr. Booth left a voice mail that we would not consider his offer.

3. Mr. Harmon is not trying to appeal the amount offered, he is only trying to accept the offer which Mr. Booth did not put in writing and now denied having made. Mr. Harmon is asking for $1,000 a month retroactive to the time his claim was denied.

> There is no record in the claim file that we offered a settlement to Mr. Harmon. Settlement offers are done by another department, are in writing and would be included in the claim file. We will not consider any type of settlement.

In addition, the information submitted for the complaint included a letter to us dated 11/18/2019 stating Mr. Harmon is willing to accept the offer of $1,00 a month that he says we made to him. We responded on 12/16/2019 advising we did not offer a settlement to Mr. Harmon.

The information submitted for the complaint also includes a letter to us dated 01/23/2020 which we have no record of in his claim file. I will respond to the letter as part of our response to this complaint.

The 01/23/2020 letter acknowledges the 12/16/2019 letter we sent and stated since the appeal decision letter was dated 11/13/2018, it was entirely possible and even likely that Mr. Booth and Mr. Harmon discussed settling this in June 2018.

> Mr. Harmon filed his second and final administrative appeal on 07/05/2018 so it is <u>not</u> possible Mr. Booth could have discussed a settlement in June 2018.

The 01/23/2020 letter stated the amount, being 50% of his normal wages would be about $1,000.00. The 12/16/2019 letter stated the benefit was 60% of an individual's basic monthly earnings not $1,000.00 per month. It did not say the benefit amount was 50%.

The 01/23/2020 letter states it appears we based our decision on mental health evaluations with little or no regard for his physical limitations. We disagree.

- The original review of his claim was based on his physical conditions.

- The review of his claim file by a neurologist for the first level appeal commented on both his physical and mental health records and noted there were no restrictions.

- The reviews of his claim file for the second level appeal were done by a member of our clinical staff for any restrictions and limitations due to any mental health condition and by a physician who is Board Certified in Internal Medicine for his physical conditions.

The 01/23/2020 letter states he has had numerous surgeries since then and any of his current physicians would attest he is permanently and totally disabled.

Multiple records from physicians dated 2019 and 2020 were submitted with the complaint. However, as noted above, in order to receive Total Disability benefits, the policy requires that he submit proof of continued disability. Benefits were approved to 7/25/2017 and there was no

proof of continued disability ...er that date, until our review noted he would have functional impairments as of 06/24/2018, over a year later, and therefore no additional benefits are payable.

The 01/23/2020 letter states our 12/16/2019 letter mentioned his file was not supported beyond 7/25/2017 but the last check he received was on 3/29/2017 and asks if there is a reason he was not paid up to 7/25/2017.

> Please see above where we provided the dates benefit checks were issued to Mr. Harmon. We checked with our Accounting Department and those checks cleared. See attached information.

In summary, we have conducted several reviews of his medical records and determined benefits were appropriate until 07/25/2017. Although the review for his second level of appeal determined he would have been disabled as of 6/24/2018 that was over a year after he stopped receiving benefit from us and since he had not provided proof of continued Total Disability beyond 07/25/2017, no additional benefits will be paid.

The claim file does not contain any information showing we offered any type of settlement to him, it shows voice mails and letters advising him we did not offer any type of settlement. Any settlement offers are done by a different department, are made in writing and would be included in the claim file.

We provided information about the dates we issued benefit checks to him and confirmed with our accounting department that all checks were cashed.

I trust this information has provided you with sufficient documentation to answer this complaint.

Enclosures:
Telephone notes from the claim file entered by Mr. Booth
Short Term Disability list of benefit payments
Long Term Disability benefit payment
Email confirming checks sent to him cleared.

Sincerely,

Sandra Nolan
Assisting on behalf of Jeff Booth
GPComplaints Team
The Lincoln National Life Insurance Company


CC: STATE OF ALASKA
ATTN: DEPARTMENT OF COMMERCE COMMUNITY AND ECONOMIC DEVELOPMENT
550 WEST SEVENTH AVENUE
SUITE 1560
ANCHORAGE, AK 995013567

# Chronological Activity List

**Claimant:** SHELDON HARMON  
**SSN:** REDACTED  
**Claim #:** 1170084600  
**Coverage:** LTD  
**Policy Holder:** Peninsula Community Health Services of  
**Case Mgr. Status:** NONE  

**DOB:** REDACTED  
**DOD:** 1/11/2017  
**Status:** CLOSED  

**Occupation:** CLEANER, HOSPITAL (medical ser.) alternate titles: housekeepe  
**Received Date:** 9/13/2017  
**Ben:** $1,560.00  
**Close Date:** 11/13/2018  
**Close Code:** Not TD Own Occ  

**Months Dis:** 45  
**Months Pd:** 3  
**Assignee:** JXBOOTH  
**Deceased:**

| Posted Date | Category | Seq | Item | Status | User |
|---|---|---|---|---|---|
| 7/13/2018 | Telephone (OUT) | 26 | SHELDON E. HARMON | Completed | JXBOOTH |
| | left vmail for clmt - JXBOOTH - Jul 11, 2018 03:22:41 pm | | | | |
| 7/13/2018 | Telephone (OUT) | 27 | SHELDON E. HARMON | Completed | JXBOOTH |
| | left vmail for clmt, moving forward - JXBOOTH - Jul 13, 2018 09:11:09 am | | | | |
| 7/13/2018 | Telephone (IN) | 28 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt left vmail has additional records to send by end of month incuding atitional appt from Dr Bote and neuropsych exam from ssdi. - JXBOOTH - Jul 13, 2018 11:21:40 am | | | | |
| 7/13/2018 | Telephone (IN) | 29 | Sheldon Harmon | Completed | SAATH3 |
| | 907 252 3440 <br><br>rec'd a letter of APPEAL: not yet <br><br>will e-mail to us..adv to check in 24hr to confirm rec'd | | | | |
| 9/4/2018 | Telephone (IN) | 30 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Spoke to clmt about neuropsych report from SSDI, he has not received it. His feet hurt, cannot walk for more than 15 minutes. Has degenerative joint disease in feet, bone on bone. Will hae an MRI processed in 2 to 3 days. Dr Bote recommends Sx on feet and R knee. May hire attorney, feels evidence supports disability. Meeting new Dr. tomorrow. Do nt move froward until he gets MRI in and will call SSDI about neuropsych. - JXBOOTH - Sep 04, 2018 04:08:30 pm | | | | |
| 9/14/2018 | Telephone (IN) | 31 | SHELDON E. HARMON | Completed | JXBOOTH |
| | I left vmail responding to clmt. Clmt left vmail, neuropsych is missing and he wno't be able to get it in a timely manner we should move forward. He mentions settleing to avoid going to court, marriage trouble. He left 2nd vmail prior to my return call to see where we stand. - JXBOOTH - Sep 14, 2018 02:36:45 pm | | | | |
| 9/17/2018 | Telephone (IN) | 32 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Claimant left vmail ver weekendhe wants resolution not a settlement. - JXBOOTH - Sep 17, 2018 10:56:12 am | | | | |
| 9/19/2018 | Telephone (IN) | 33 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Rcvd vmail from claimant. He wants a decision made by Friday otherwise he will be in touch with attorney. He want $1000 per month retroactively. - JXBOOTH - Sep 19, 2018 03:53:59 pm | | | | |
| 9/19/2018 | Telephone (OUT) | 34 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Called clmt back will not accept his offer. Will hopefully get med review back in 15 business day. Needs to have both feet operated on. - JXBOOTH - Sep 19, 2018 04:02:43 pm | | | | |
| 10/2/2018 | Telephone (OUT) | 35 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt left vmail stating he wants a decision by Friday, if he doesn't have one he will have to take more drastic measures. His wife received bad new from her dr. regarding breast cancer and is gone setting up chemotherapy. He feels his previous offer is the best one (LFG pay him current and send to LTD to resume mgt). He feels he has proven beyond a doubt he is disabled. - JXBOOTH - Oct 02, 2018 04:01:14 pm | | | | |
| 10/2/2018 | Telephone (OUT) | 36 | SHELDON E. HARMON | Completed | JXBOOTH |
| | left vmail rtg clmt call - JXBOOTH - Oct 02, 2018 04:06:00 pm | | | | |
| 10/3/2018 | Telephone (IN) | 37 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt left vmail looks forward to decision on Friday no need to call back - JXBOOTH - Oct 03, 2018 11:34:05 am | | | | |
| 10/8/2018 | Telephone (IN) | 38 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Rcvd vmail from weekend. Clmt did not receive determination from LFG by Friday as demanded. He is moving forward in alternative manner. No return call requested - JXBOOTH - Oct 08, 2018 09:15:07 am | | | | |
| 10/11/2018 | Telephone (IN) | 39 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt left vmail, SSDI lost neuropsych request but his foot is poblem. He has ahad a consultation with surgeon, Dr Crow, and wife is going to have to have mastectomy. His last benefit received was for 3/2017 and he has narrowed his choice down to two attorneys and he will go to them if he hasn't heard from us by Monday. - | | | | |

| Posted Date | Category | Seq | Item | Status | User |
|---|---|---|---|---|---|
| | JXBOOTH - Oct 11, 2018 04:10:43 pm | | | | |
| 10/16/2018 | Telephone (IN) | 40 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt left vmail will be hiring an attorney - JXBOOTH - Oct 16, 2018 09:23:55 am | | | | |
| 10/16/2018 | Telephone (IN) | 41 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt called to check status explained peer should be back this week. Will have feet operated left foot first. Wants decision by end of the week. - JXBOOTH - Oct 16, 2018 04:20:02 pm | | | | |
| 10/19/2018 | Telephone (OUT) | 42 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt left vmail, returned his call and got his vmail. Let him know about 21 day letter and to call back with questions - JXBOOTH - Oct 19, 2018 01:45:25 pm | | | | |
| 10/22/2018 | Telephone (OUT) | 43 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Spoke to clmt about peer review and he wants to respond, may hire attorney. Explained 21 day and let me know if you need extra time let me know. SSDI has been approved, he did not go before a judge for review. - JXBOOTH - Oct 19, 2018 04:00:39 pm | | | | |
| 10/26/2018 | Telephone (IN) | 44 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Rcvd vmail from clmt he has issues with medical review comments regarding drugs and alcohol. He has went through all of the paperwork and feels that he has a great case since he took law classes in college. He left a thrid offer to pay him in full and I only need to return his call today if we accept his offer. Based on unspported medical will not return clmt call. He will be hiring an attorney. - JXBOOTH - Oct 26, 2018 12:58:48 pm | | | | |
| 11/8/2018 | Telephone (IN) | 45 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Clmt left vmail, did not request call back. Stated he is still around and is looking for a good attorney and has not forgotten about this - JXBOOTH - Nov 08, 2018 03:40:57 pm | | | | |
| 11/13/2018 | Telephone (OUT) | 46 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Attempted to call number on claim, it could not be completed as dialed. - JXBOOTH - Nov 13, 2018 01:57:23 pm | | | | |
| 12/3/2018 | Telephone (IN) | 47 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Vmail received 12/1/18 over weekend. Clmt has not forgotten about this, had major earthquake and trying to be in touch with attorney, wife out of hospital. Did not say he needed a call back. - JXBOOTH - Dec 03, 2018 01:11:43 pm | | | | |
| 1/4/2019 | Telephone (IN) | 48 | SHELDON E. HARMON | Completed | JXBOOTH |
| | Rcvd vmail from claimant offering for us to pay him all back pay, $1,000 a month for 4 years with no review and stated he has an attorney and we need to email attorney at sredmon@greatlandjustice.com.<br><br>I called clmt back and left vmail that appeal process is complete and that we will not consider his offer at this time. If he is moving forward with litigation please have attorney send in letter of representation and authorization and we will provide a file copy if requested. - JXBOOTH - Jan 04, 2019 11:29:10 am | | | | |

# Benefit Calculation

**Claim Number** 1170009947  
**Claimant** SHELDON E. HARMON  
PO BOX 781  
SOLDOTNA, AK 99669

**Date of Disability** Jan 11, 2017  
**Nature** Sickness

| Description | Benefit Duration | Weeks | Days | Weekly Amount | Amount |
|---|---|---|---|---|---|
| Gross Weekly Benefit - STD | Jan 18, 2017 - Mar 21, 2017 | 8 | 6 | 360 | 3188.57 |
| Social Security Tax | | | | 197.69 | |
| Medicare Tax | | | | 46.23 | |
| | | | | Total | 3188.57 |
| | | | | Taxes | 243.92 |
| | | | | Payment | $2,944.65 |

| Description | Benefit Duration | Weeks | Days | Weekly Amount | Amount |
|---|---|---|---|---|---|
| Gross Weekly Benefit - STD | Mar 21, 2017 - Apr 06, 2017 | 2 | 2 | 360 | 822.86 |
| Social Security Tax | | | | 51.02 | |
| Medicare Tax | | | | 11.93 | |
| | | | | Total | 822.86 |
| | | | | Taxes | 62.95 |
| | | | | Payment | $759.91 |

| Description | Benefit Duration | Weeks | Days | Weekly Amount | Amount |
|---|---|---|---|---|---|
| Gross Weekly Benefit - STD | Apr 06, 2017 - Apr 19, 2017 | 1 | 6 | 360 | 668.57 |
| Social Security Tax | | | | 51.02 | |
| Medicare Tax | | | | 11.93 | |
| | | | | Total | 668.57 |
| | | | | Taxes | 62.95 |
| | | | | Payment | $605.62 |

# Benefit Calculation

**Claim Number** 1170009947  
**Claimant** SHELDON E. HARMON  
PO BOX 781  
SOLDOTNA, AK 99669

**Date of Disability** Jan 11, 2017  
**Nature** Sickness

| Description | Benefit Duration | Weeks | Days | Weekly Amount | Amount |
|---|---|---|---|---|---|
| FICA SS Adjustment | | | | | -102.04 |
| FICA MED Adjustment | | | | | -23.86 |
| | | | | Total | 0 |
| | | | | Taxes | -125.9 |
| | | | | Payment | $125.90 |

# Benefit Calculation

**Claim Number** 1170084600
**Claimant** SHELDON E. HARMON
PO BOX 781
SOLDOTNA, AK 99669

**Date of Disability** Jan 11, 2017
**Nature** Sickness

| Description | Benefit Duration | Month | Days | Monthly Amount | Amount |
|---|---|---|---|---|---|
| Gross Monthly Benefit - LTD | Apr 11, 2017 - Jul 25, 2017 | 3 | 14 | 1560 | 5408 |
| Short Term Dis | Apr 11, 2017 - Apr 19, 2017 | 0 | 8 | 1404 | -374.4 |
| | | | | Total | 5033.6 |
| | | | | Taxes | 0 |
| | | | | Payment | $5,033.60 |



Hi Sandy

I am doing well, I hope you are also.

I show these checks in the check system and all have cleared. If you need copies you can email check copies for these.

Hope this helps

| CB Number | Check Number | Payee Name | Payment Date | Payment Amount | Check Status | Policy Number |
|---|---|---|---|---|---|---|
| 0170717970 | 2215047125 | SHELDON HARMON | 12-12-2017 | $5,031.40 | CLEARED | 000101676510300 |
| GST0319351 | C312255533 | SHELDON HARMON | 03/29/2017 | $2,944.65 | CLEARED | 000101254320000 |
| GST0909170 | C310001014 | SHELDON HARMON | 07/10/2017 | $175.01 | CLEARED | 000101351027000 |
| 0810515123 | C019512550 | SHELDON HARMON | 09-15-2017 | $655.02 | CLEARED | 002010105420300 |
| GST0572426 | C312513009 | SHELDON HARMON | 09-12-2017 | $125.00 | CLEARED | 000101034020100 |
| CB | Check | Payee | Payment | Payment | Check | Policy |

Michele Gray
Senior Recovery Specialist
Claims Solutions Shared Services
8801 Indian Hills Dr
Omaha NE 68114

402-363-2925 Office
402-363-1830 Fax
LincolnFinancial.com

Follow us on: (f)(v)(e)(o)(in)

Insurance products are issued by the insurance company affiliates of Lincoln Financial Group. The Lincoln National Life Insurance Company and Lincoln Life & Annuity Company of New York. The Lincoln National Life Insurance Company is not authorized in the state of New York. Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

